CITY OF DES MOINES, Appellee, v. GUY A. MILLER, Appellant.

No. 42928.

Guy A. Miller, pro se, and Denmar Miller, for appellant.

Fred T. Van Liew, J. A. Ralls, Chauncey Weaver, C. I. McNutt, and D. William Ash, for appellee.

Donegan, J.—On November 2, 1933, the city council of the city of Des Moines passed an ordinance prohibiting the parking of automobiles for more than one hour upon streets within certain parts of said city. Guy A. Miller was charged with having violated said ordinance on four different occasions, to wit, January 2, April 4, April 5, and April 19, 1934. He pleaded not guilty, and, upon trial in the municipal court of the city of Des Moines, on the 24th day of April, 1934, he was found guilty and ordered to pay a fine. An appeal was taken by the defendant to the district court of Polk county, Iowa. The case was tried in the district court upon a stipulation of facts, and on December 27, 1934, the district court entered judgment affirming the findings and order of the municipal court. From such judgment, the defendant appeals to this court.

Only one question is presented by this appeal and that is, Was the ordinance which defendant is charged with violating in effect at the time of any of the alleged violations?

Section 5720, Code of 1931, is as follows:

"* * * All ordinances of a general or permanent nature, and those imposing any fine, penalty, or forfeiture, shall be published in some newspaper published and of general circulation in the city or town; but if there be no such newspaper, such ordinances may be published in a newspaper designated by the council and having a general circulation in such city or town, or by posting copies thereof in three public places therein, two of which shall be at the post office and the mayor's office. When the ordinance is published in a newspaper it shall take effect from and after its

*publication; when published by posting, it shall take effect ten days thereafter. It shall be a sufficient defense to any suit or prosecution for such fine, penalty, or forfeiture, to show that no such publication was made."*

Section 5721, Code of 1931, provides:

"When any city or town shall cause or has heretofore caused its ordinances to be published in book or pamphlet form, such book or pamphlet shall be received as evidence of the passage and legal publication of such ordinances, as of the dates mentioned or provided for therein, in all courts and places, without further proof. When the ordinances are so published, it shall not be necessary to publish them in the manner provided for in the preceding section."

It appears from the stipulation of facts in this case that there are papers of general circulation published in the city of Des Moines; that the ordinance in question was never published in any such paper; that such ordinance was published along with the other council proceedings of the city council of the city of Des Moines for the month of November, in a pamphlet of which less than one hundred copies were printed in the early part of the month of December, 1933; that said ordinance was again published in a pamphlet described as ordinances of the city of Des Moines passed during the fiscal year ending March 31, 1934, which pamphlet, however, was not published until the 4th day of June, 1934; and that there never was any other publication of said ordinance except these two publications. It is apparent, therefore, that, since there was no publication in a newspaper, and since the publication in the pamphlet described as ordinances of the city of Des Moines passed during the fiscal year ending March 31, 1934, was not made until after the alleged violations with which appellant is charged, said ordinance was not in effect at the time of such alleged violations, unless its publication in the pamphlet containing the council proceedings for the month of November, which was printed in the early part of December, 1933, was a sufficient publication under the statutes above quoted.

Appellant contends that this publication of the ordinance among the proceedings of the city council was not such a publication as would make the ordinance effective; first, because this section does not dispense with the necessity of a publication in a newspaper of general circulation in the city of Des Moines; and, second,

because the publication of the pamphlet containing the proceedings of the city council of the city of Des Moines for the month of November, in which this ordinance appeared, is not a publication of the city's ordinances in book or pamphlet form, within the meaning of section 5721 of the Code. Appellant cites the cases of Barrett v. Railway Company, 190 Iowa 509, 175 N. W. 950, 180 N. W. 670, and Hollingsworth v. Hall, 214 Iowa 285, 242 N. W. 39, as sustaining his contention that the publication by the city of its ordinances in book or pamphlet form does not dispense with the necessity of a newspaper publication, but merely makes such book or pamphlet prima facie evidence of the passage and legal publication of such ordinances, and that this prima facie case may be overcome by further evidence that there was no newspaper publication. However, in the view we take of this case, we need not and do not pass on the construction thus placed upon the statutes by appellant, because we think that the decision we reach as to appellant's second contention is decisive of the whole case. We, therefore, proceed to a consideration of the question as to whether the publication of the ordinance here in question among the proceedings of the city council of the city of Des Moines for the month of November was such a publication as is contemplated by section 5721 of the Code.

It will be noted that section 5721 provides that:

"When any city or town shall cause or has heretofore caused its *ordinances* to be published in book or pamphlet form, such book or pamphlet shall be received as evidence of the passage and legal publication of such *ordinances,* * * * " (Italics are ours.)

It will be further noted that the publication in book or pamphlet form here referred to is a publication of *ordinances.* We think it quite apparent that what the legislature here had in mind was not a publication of a single ordinance, as it might appear in pamphlet form along with other proceedings of the city council, but the publication of a book or pamphlet in which the ordinances of the city were gathered together and published. If the legislature had intended that a publication in pamphlet form of the general proceedings of a city council, in which an ordinance might appear, would be a sufficient publication of such ordinance, it could, and we think it would, have used language to indicate that intention. The use of the plural, "ordinances," throughout the whole of sec-

tion 5721, was not, in our opinion, without some purpose, and it seems quite apparent that such purpose was to limit the application of the statute to a book or pamphlet in which the ordinances of the city were collected and published.

Appellee cites many cases in support of its contention that the publication of the ordinances in book or pamphlet form dispenses with any other publication. These cases, however, are not applicable to the proposition we are now considering. The question with which we are here dealing is whether the publication of this single ordinance among the proceedings of the city council for the month of November, 1933, would be a publication of its ordinances in book or pamphlet form as contemplated by the provisions of section' 5721. Appellee also cites the case of Law v. People, 87 Ill. 385, as authority for the following statement:

"It has been held that it makes no difference whether the ordinance is published separately or with other council proceedings. (The fact that the ordinance is published in pamphlet form with other proceedings of the council will be a sufficient publication.)"

This case contains three separate opinions: The opinion of the court covering thirteen pages, the opinion of Justice Scott containing fifteen pages, and the dissenting opinion of Justice Dickey containing fourteen pages. We have searched through all of these opinions and have been unable to find the language quoted. The only place in which we find any reference to the requirements governing the publication of an ordinance is in the opinion of Justice Scott, wherein it is said:

"It is shown the appropriation ordinance was published in the corporation newspaper within a few days after its passage, and afterwards in a German newspaper, and in pamphlet form, with other proceedings of the city council. That was a sufficient publication, and the objection it was not published as an *ordinance* seems hypercritical. What possible difference can it make whether it was published separately or with other proceedings of the corporation? In either case it would be published as an *ordinance*, and that is sufficient."

Nowhere in the opinion of Justice Scott nor in either of the other two opinions, so far as we can find, is there any statement as to the requirements of the statute covering the publication of

ordinances. Without knowing the provisions of such statute, the language of the opinion cannot be considered as supporting the appellee's contention in this case, because it must be conceded that if a publication is made in compliance with the statute, it is sufficient.

As the ordinance here involved was not published in a newspaper; as the book or pamphlet in which the ordinances of the city of Des Moines for the fiscal year ending March 31, 1934, was not published until after the offenses charged had been committed; and because we hold that the publication of the ordinance in question among the proceedings of the city council for the month of November was not such a publication as is contemplated by section 5721 of the Code; we are constrained to hold that the ordinance under which it was attempted to prosecute the appellant was not in effect at the times when he is alleged to have violated its provisions. The judgment of the district court must be, and is, therefore, reversed.—Reversed.

ANDERSON, C. J., and ALBERT, MITCHELL, KINTZINGER, PARSONS, RICHARDS, and HAMILTON, JJ., concur.