CITY OF DES MOINES, Appellant, v. HAZEL MEREDITH, Appellee.

No. 45429.

F. T. Van Liew, B. J. Flick, Denmar Miller, and Joseph Z. Marks, for appellant.

R. E. Hanke, for appellee.

MITCHELL, J.—Defendant was charged with a misdemeanor, to wit, intoxication, under an ordinance of the City of Des Moines known as ordinance No. 349, section 714, which ordinance imposes a fine or penalty. The defense was that although the said ordinance was duly passed by the city council of Des Moines, Iowa, on or about the 10th of May, 1886, and has remained in its present form since said date, it was never published in any newspaper of general circulation in the City of Des Moines as required by section 5720 of the 1939 Code. It is conceded that the City of Des Moines, in the year 1932 caused its ordinances, including ordinance No. 349, section 714, to be published in book form, and said book has been more or less widely distributed throughout the City of Des Moines, Iowa, and has been in general use by attorneys and others since the year 1932. The municipal court found the defendant guilty and she appealed to the district court of Polk county, which reversed the decision and freed the defendant. The City of Des Moines has appealed.

The sole issue in this case involves the interpretation of the last sentence of section 5721 of the 1939 Code of Iowa and its relation to section 5720 thereof.

Section 5720, 1939 Code, is as follows:

"5720. Publication. All ordinances of a general or permanent nature, and those imposing any fine, penalty, or for-

feiture, shall be published in some newspaper published and of general circulation in the city or town; but if there be no such newspaper, such ordinances may be published in a newspaper designated by the council and having a general circulation in such city or town, or by posting copies thereof in three public places therein, one of which shall be at the mayor's office. When the ordinance is published in a newspaper it shall take effect from and after its publication; when published by posting, it shall take effect ten days thereafter. It shall be a sufficient defense to any suit or prosecution for such fine, penalty, or forfeiture, to show that no such publication was made."

Section 5721, 1939 Code, is as follows:

"5721 Book form. When any city or town shall cause or has heretofore caused its ordinances to be published in book or pamphlet form, such book or pamphlet shall be received as evidence of the passage and legal publication of such ordinances, as of the dates mentioned or provided for therein, in all courts and places, without further proof. When the ordinances are so published, it shall not be necessary to publish them in the manner provided for in section 5720."

In the case of Barrett v. C. M. & St. P. Ry. Co., 190 Iowa 509, 175 N. W. 950, 180 N. W. 670, the court held that the publication of ordinances in book or pamphlet form was prima facie proof of the ordinance and that the contention of the appellant that the ordinance was unsigned, unauthenticated and unpublished must be proven. In this case the supreme court indicated that the defects in the ordinances and in their enactment are not cured by publication in book or pamphlet form in accordance with section 5721. The court quoted section 687 of the Code of 1897, now section 5721 of the 1939 Code of Iowa, and, at page 516 of 190 Iowa, at page 953 of 175 N. W., said:

"The dates appearing, the ordinances are presumed to have been properly adopted and published, as exacted in the section preceding that quoted. Their inclusion in such a book is sufficient authentication, and therefrom it is to be presumed that they had been legally adopted. * * * The statute quoted does not contemplate the re-enactment or the republication of the

ordinances, but merely their compilation, for convenient use and to simplify the method of their proof. * * * Defects in the ordinances or in their enactment are not thereby cured. That which may be essential to adoption,—the recording of the vote and of the ordinance, the signatures of the officers, publication, and the like (Section 680 et seq. of the Code),—is not a part of the ordinances, but relates to their passage and authentication. All the objections urged by the appellant may be sound, but none were proven; and therefore the prima-facie proof of the ordinance, made out by introducing the 'Revised Ordinances of 1898,' and the date of the passage of Ordinance No. 14, was not overcome, and it was rightly received in evidence."

In the case of City of Des Moines v. Miller, 219 Iowa 632, 635, 259 N. W. 205, 207, the court said:

"If the legislature had intended that a publication in pamphlet form of the general proceedings of a city council, in which an ordinance might appear, would be a sufficient publication of such ordinance, it could, and we think it would, have used language to indicate that intention. The use of the plural, 'ordinances,' throughout the whole of section 5721, was not, in our opinion, without some purpose, and it seems quite apparent that such purpose was to limit the application of the statute to a book or pamphlet in which the ordinances of the city were collected and published."

The court concluded its opinion by saying, 219 Iowa, at page 637, 259 N. W., at page 207:

"As the ordinance here involved was not published in a newspaper; as the book or pamphlet in which the ordinances of the city of Des Moines for the fiscal year ending March 31, 1934, was not published until after the offenses charged had been committed; and because we hold that the publication of the ordinance in question among the proceedings of the city council for the month of November was not such a publication as is contemplated by section 5721 of the Code; we are constrained to hold that the ordinance under which it was attempted to prosecute the appellant was not in effect at the times when he is alleged to have violated its provisions."

Neither of these cases raises squarely the question involved

in this case. By the language of the decision in the case of Barrett v. C. M. & St. P. Ry. Co., supra, it is indicated that one of the purposes of section 5721 is to provide a means of establishing a prima facie evidence of an ordinance. The court did not pass upon the question of whether or not the publication in book or pamphlet form was a substitution for a publication in a newspaper or by posting. In the Miller case, at page 638, the court said that the apparent purpose of section 5721 was to limit the application of the statute to a book or pamphlet in which the ordinances of the city were collected and published.

It will be noted that section 5720 designates certain methods of publication shall be made to effectuate an ordinance. The first portion of section 5721 provides for the method by which the city or town may provide a simple and feasible means of proof of their ordinances. In the last sentence of this section the legislature has made an exception to section 5720 and provided further that when the ordinances are published in the book or pamphlet form it shall not be necessary to publish the ordinances in the manner provided in section 5720.

There is no occasion for resorting to rules of statutory construction to determine the intent of the legislature. There is no ambiguity in the last sentence of section 5721 and no conflict between that sentence and any other provision of either section 5720 or section 5721. The legislature says in plain English that when published in book or pamphlet form it shall not be necessary to publish them as provided in section 5720. No statement could be clearer than that. The only possible room for doubt is as to what the legislature meant thereby and determining what they had in mind when they said "so published" and "to publish them". This is quite clear to us when we look at the entire section and see that the only other sentence authorizes a publication in book or pamphlet form, "so published" can only refer to "book or pamphlet form". In other words the legislature could have had no other meaning than when the ordinances are published in book or pamphlet form it shall not be necessary to publish the ordinances in the manner provided for in section 5720.

To comply with section 5721, the ordinances must be published in book or pamphlet form. Simply to print is not suf-

ficient, to publish means to put in general circulation. Under this record the ordinances were printed in book form in 1932, and were widely distributed throughout the City of Des Moines, and have been in general use by attorneys and others since 1932. It necessarily follows that the lower court erred in its finding, however as this is a criminal appeal, the reversal of this case does not affect the defendant.—Reversed.

CHIEF JUSTICE and all JUSTICES concur.